Matter of Yohan Choi (2019 NY Slip Op 01756)





Matter of Yohan Choi


2019 NY Slip Op 01756


Decided on March 13, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2018-04788 

[*1]In the Matter of Yohan Choi, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Yohan Choi, respondent. (Attorney Registration No. 4047858)



APPLICATION pursuant to 22 NYCRR 1240.10 by Yohan Choi, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 18, 2002, inter alia, to resign as an attorney and counselor-at-law. In a related proceeding under Appellate Division Docket No. 2017-04273, by decision and order on motion dated November 20, 2017, this Court, among other things, immediately suspended the respondent from the practice of law pursuant to Judiciary Law § 90(4)(f) as a result of his conviction of a serious crime, conspiracy to commit money laundering, in violation of 18 USC § 1956. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a disciplinary proceeding, under Appellate Division Docket No. 2018-04788, against the respondent, Yohan Choi, pursuant to 22 NYCRR 1240.8 by serving upon him and filing with the Court a notice of petition and a verified petition dated April 20, 2018. Additionally, request by the respondent to make the effective date of the disbarment the date of his interim suspension from the practice of law, November 20, 2017.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Richard E. Mischel, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Yohan Choi, has submitted an affidavit sworn to on June 14, 2018, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is the subject of disciplinary charges pending before this Court, as set forth in the verified petition dated April 20, 2018, which allege that he engaged in conduct prejudicial to the administration of justice by violating this Court's November 20, 2017, order suspending him from the practice of law as follows: (1) on January 5, 2018, the respondent signed and filed a note of issue with certificate of readiness with the Supreme Court, Queens County, in an action entitled Jin v A & S Landscape Design & Consulting, Inc., Index No. 703615/16, and affirmed that he was "an attorney duly admitted to practice law in the Courts of the State of New York," (2) the respondent continued to maintain a law firm website until at least March 7, 2018, which advertised legal services in various areas of the law and presented his biography, stating that he was an attorney admitted to practice in the State of New York, and (3) [*2]he failed to file an affidavit of compliance as required by 22 NYCRR 1240.15(f). The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the consequences of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Additionally, the respondent attests that the disciplinary proceeding does not include charges that he willfully misappropriated or misapplied money or property in the practice of law. Nevertheless, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of an order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
The respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10). He further requests that the order striking his name from the roll of attorneys and counselors-at-law disbarring him be made effective as of the date of his interim suspension, November 20, 2017.
The Grievance Committee recommends that the Court grant the respondent's application to resign, and takes no position as to the effective date of the disbarment.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the branch of the application which is to resign is granted, and the remaining branch of the application is denied, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. In view thereof, on the Court's own motion, the disciplinary proceeding is discontinued as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the branch of the application of the respondent, Yohan Choi, a suspended attorney, which is to resign as an attorney and counselor-at-law is granted, and the remaining branch of the application is otherwise denied; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Yohan Choi, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Yohan Choi, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Yohan Choi, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Yohan Choi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that on the Court's own motion, the disciplinary proceeding is discontinued as academic.
ENTER:
Aprilanne Agostino
Clerk of the Court